ZAINEY, J.
MARCH 3, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LISA JENISE COLLINS, ET AL | CIVIL ACTION |
| VERSUS | NO: 03-2755 |
| SEAHORSE MARINE, ET AL | SECTION: "A" (1) |

**ORDER AND REASONS**

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 217)** filed by defendant Dolphin Services, Inc. ("Dolphin"). Plaintiffs and Defendant Seahorse Marine, Inc. ("Seahorse"), oppose the motion. The motion, set for hearing on February 22, 2006, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **DENIED**.

**I.    BACKGROUND**

Plaintiff Vernell Collins contends that he sustained injury due to an incident that occurred while he was on the back deck of the M/V ALEC SCOTT. According to Plaintiff, his crew was attempting to transfer equipment from the deck to a nearby platform. When the load of equipment was lifted, it allegedly began to swing towards another worker on the deck. Plaintiff

1

contends that he grabbed the load with both hands in an effort to prevent its movement from causing injury to the other worker.  Plaintiff allegedly sustained injury as a result of this action.  Plaintiff and his wife brought suit against Seahorse Marine, the employer of the crane operator, and another party that was subsequently dismissed without prejudice.  Plaintiff later filed an amending and supplemental complaint, acknowledging that the identity of the other worker who was in the line of the swinging load was unknown.  Plaintiff added as defendants various parties who could be the employer of the "mystery man."  Plaintiff later indicated that Justin Delafosse, an employee of Grasso at the time of the accident, was most likely the "mystery man."  Dolphin Services, Inc., an added defendant, seeks summary judgment in its favor, contending that there is no testimony that a Dolphin employee did anything wrong.

## II.     DISCUSSION

### A. The Parties' Contentions

Dolphin argues that summary judgment should be granted in its favor because there is no testimony that a Dolphin employee was in the path of the swinging load, and thus no factual dispute exists on the issue of whether or not Dolphin negligently placed a man too close to a load being lifted.

Dolphin further argues that summary judgment is appropriate because no one has testified that a Dolphin employee did something wrong regarding the centering of the crane boom.  Dolphin acknowledges that Seahorse's expert will likely opine that the rigger is responsible for insuring that the crane boom is centered but argues that even if this is accepted as true, Dolphin could not be found liable.  Dolphin contends that there are two versions of what occurred at the time of the lift in question, and both versions exculpate Dolphin.

Dolphin points to the testimony of Seahorse's crane operator for one version of the facts. According to the crane operator, Ike Miller, a Dolphin employee, was his signal man. (Dolphin's Memo., p. 4 (citing Exh. 4, LeBlanc Depo,, p. 90)). Dolphin contends that even if this were the case, it could not be found liable because the crane operator testified that Ike did nothing wrong in instructing him.  (Id.).

Dolphin contends that it could not be found liable under the other version of the facts either.  It suggests that the other version of the facts is set forth in the depositions of the plaintiff and Ike.  Plaintiff testified that he did not see Ike around when the lift was made and that if Ike was signaling the crane operator, he should have seen him.  (Dolphin's. Memo., p. 3 (citing Exh. 1, Collins Depo., p. 99-100)).  Ike testified that he was not on the deck at the time of the power pack lift.  (Dolphin's Memo., p. 3 (citing Exh. 3, Miller Depo., p. 39)).

Defendant Sea Horse opposes the motion for summary judgment, contending that material issues of fact exist as to whether Ike, a Dolphin employee, was the signal man who gave the crane operator the signal to raise the load and whether the load actually swung.  Sea Horse contends that these issues are material because if Ike was the signalman, he had certain duties and obligations, which based upon plaintiff's testimony that the load swung, were breached.

Plaintiffs also oppose the motion.  Plaintiffs argue that the Sea Horse captain, the Sea Horse crane operator and Sea Horse's expert are of the position that if the accident occurred as alleged by plaintiffs, fault should lie with the rigger who should have properly centered the boom over the load.  Plaintiffs argue that summary judgment is inappropriate because there is a factual dispute as to the identity of the person who acted as rigger and therefore who gave signals to the Sea Horse crane operator, as plaintiff has identified Justin Delafosse of Grasso as the "mystery

3

man" while the crane operator testified that the rigger who gave him the signals was a Dolphin employee.

### B. Summary Judgment Standards

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing FED.R.CIV.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

### C. Analysis

The Court finds that there are issues of material fact that preclude granting summary judgment in favor of Dolphin. As Sea Horse correctly points out, there is an issue as to whether the load swung, as plaintiffs contend that it did (Pla. Opp., p. 1) while the crane operator testified

that it did not (See Grasso Reply to Plaintiff's Opp. to Grasso's Motion for Summary Judgment, Exh. G., LeBlanc Depo., p. 48).  This is clearly a material issue, as the resolution of it may determine whether anyone is liable to the plaintiffs.  Further, there is an issue as to whether Ike, a Dolphin employee, was the signal man.  The crane operator testified that he was the signal man (Dolphin's Memo, Exh. 4, LeBlanc Depo., p. 90) while Ike testified that he was not present on the deck (Dolphin's Memo, Exh. 3, Miller Depo., p. 39), and plaintiff testified that he did not see Ike on the deck at the time of the lift (Dolphin's Memo, Exh. 1, Collins Depo., p. 99).  As noted by Sea Horse, this too is a material issue because Sea Horse suggests that the signal man has certain duties.  If the load did in fact swing, these alleged duties may have been breached.  Thus, summary judgment is inappropriate.

      ACCORDINGLY,

**IT IS ORDERED** that Defendant Dolphin Services, Inc.'s **Motion for Summary Judgment (Rec. Doc. 217)** is **DENIED**.

\* \* \* \* \* \* \* \* \* \* \* \*

*[signature: Jay C. Zainey]*

5