ZAINEY, J.
MARCH 3, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LISA JENISE COLLINS, ET AL | CIVIL ACTION |
| VERSUS | NO: 03-2755 |
| SEAHORSE MARINE, ET AL | SECTION: "A" (1) |

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 210)** filed by defendant Grasso Production Management, Inc. ("Grasso"). Plaintiffs oppose the motion. The motion, set for hearing on February 8, 2006, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **GRANTED**.

## I.   BACKGROUND

Plaintiff Vernell Collins contends that he sustained injury due to an incident that occurred while he was on the back deck of the M/V ALEC SCOTT. According to Plaintiff, his crew was attempting to transfer equipment from the deck to a nearby platform. When the load of equipment was lifted, it allegedly began to swing towards another worker on the deck. Plaintiff

1

contends that he grabbed the load with both hands in an effort to prevent its movement from causing injury to the other worker. Plaintiff allegedly sustained injury as a result of this action. Plaintiff and his wife brought suit against Seahorse Marine, the employer of the crane operator, and another party that was subsequently dismissed without prejudice. Plaintiff later filed an amending and supplemental complaint, acknowledging that the identity of the other worker who was in the line of the swinging load was unknown. Plaintiff added as defendants various parties who could be the employer of the "mystery man." Plaintiff later indicated that Justin Delafosse, an employee of Grasso at the time of the accident, was most likely the "mystery man." Grasso contends that no genuine issues of material fact exist, and it is entitled to judgment as a matter of law. Grasso seeks summary judgment, dismissing all of plaintiffs' claims against it.

**II.    DISCUSSION**

*A. The Parties' Contentions*

Grasso argues that plaintiffs cannot prove that Grasso in any way contributed to or caused the alleged accident. Grasso points out that plaintiffs have actually admitted in their amending and supplemental complaint that they do not believe that the added defendants are liable. It states: "Plaintiffs assert that the sole and contributing cause of the incident causing injury to Vernell Collins as previously set forth in the original Complaint was due to the negligence and fault of the crane operator, a Sea Horse/Alec Scott employee." (Grasso's Memo., Exh. A, Amending Complaint, ¶ 20). Grasso further points out that Plaintiff conceded that he brought in the other defendants solely "in response to affirmative defenses set forth by Sea Horse/Alec Scott pleading third party fault which could include the vicarious liability of the employer of that person who was in the line of danger of the power pack." (Id.).

Grasso argues that plaintiff has continually admitted that Grasso and its employees did nothing wrong. Grasso further argues that there are no allegations that the mystery man was in charge of the lift and that Plaintiff has repeatedly stated that he does not recall seeing the mystery man signal the crane operator. Grasso suggests that plaintiff's pleadings and testimony alone establish beyond doubt that the mystery man was not responsible for causing the alleged accident. In further support of its motion, however, Grasso contends that it is unlikely that Plaintiff can prove by a preponderance of the evidence that Delafosse or any other Grasso employee was the mystery worker. Grasso points out that Delafosse himself has testified that he was not even on the boat when any loads were lifted. (Grasso's Memo., Exh. F, Delafosse Depo., p. 86).

Grasso further contends that, in addition to the facts, the law entitles it to summary judgment. It argues that the law does not place a duty on it or its employee under the circumstances of this case.

Plaintiffs oppose, arguing that there is a genuine issue of material fact as to whether Mr. Delafosse was in fact the mystery man, and thus summary judgment is inappropriate to dismiss Grasso on the issue of identity of the mystery man. Further, plaintiffs point to the deposition of the Seahorse crane operator to suggest that summary judgment is inappropriate. Plaintiffs argue that according to the crane operator, it is the responsibility of the rigger, rather than the crane operator, for making sure the boom is centered. Plaintiffs further suggest that the report of Seahorse's expert supports this position. Plaintiffs contend that Mr. Delafosse was "the rigger" and thus suggest that there are genuine issues of material fact as to whether Mr. Delafosse is liable to plaintiffs.

3

Grasso responds, contending that plaintiffs' argument that it is inappropriate to dismiss Grasso on the issue of identity of the mystery man is without merit because Grasso's motion does not seek dismissal on that issue. Rather, it seeks dismissal on the basis that there is no proof of negligence on the part of Grasso or the mystery man.

Grasso also argues that, contrary to plaintiffs' suggestion, the testimony of the crane operator actually supports granting summary judgment. Grasso points out that the crane operator testified that the load that was lifted did not swing. (Grasso's Reply Memo., Exh. G, LeBlanc Depo., p. 48). Additionally, Grasso contends that the crane operator testified that the mystery man was not the worker who was giving him signals regarding the lift. (Grasso's Reply Memo., Exh. G, LeBlanc Depo., p. 47-50).

### B.  Summary Judgment Standards

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing FED.R.CIV.P. 56(e); *Matsushita Elec.*

*Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).  Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.  *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

     *C. Analysis*

     Grasso has successfully shown that "there is an absence of evidence to support [plaintiffs'] cause."  *Celotex*, 477 U.S. at 325.  As Grasso has noted, the plaintiffs alleged in their complaint that "the sole and contributing cause of the incident causing injury to [Mr. Collins] was due to the negligence and fault of the crane operator, a Sea Horse/Alec Scott employee."  (Amending Complaint, ¶ 20).  Furthermore, as Grasso notes, the testimony of the Sea Horse crane operator relied upon by plaintiffs does not constitute evidence of liability on the part of Grasso or the mystery man.  Plaintiffs contend that, according to the crane operator, "the rigger" had the responsibility to center the boom.  However, the crane operator actually testified that the "signal man" is supposed to center the boom tip with the load.  (Pla. Opp., Exh. 7, LeBlanc Depo., p. 40).  Plaintiffs have not provided evidence to establish that the mystery man was the "signal man."  As Grasso points out, plaintiff has testified that he "can't remember exactly of anybody making any – giving the signals to the crane operator."  (Grasso's Memo., Exh. D., Collins Depo., p. 143).  Further, Seahorse, whose affirmative defense prompted plaintiffs to add various new defendants to the suit, has not alleged that a Grasso employee was the "signal man." Rather, the crane operator (employed by Seahorse) identified another man, named Ike, as the one

who was giving him the signal.  (Grasso's Reply Memo., Exh. G., LeBlanc Depo., p. 47).[1]

Because Grasso met its initial burden of showing an absence of evidence to support plaintiffs' cause, it is the responsibility of plaintiffs to come forward with "specific facts" showing a genuine factual issue for trial.  Plaintiffs have failed to do so.

ACCORDINGLY,

**IT IS ORDERED** that Defendant Grasso Production Management, Inc.'s **Motion for Summary Judgment (Rec. Doc. 210)** is **GRANTED**.  Plaintiffs' claims against Grasso Production Management, Inc. are **DISMISSED WITH PREJUDICE**.

\* \* \* \* \* \* \* \* \* \* \* \*

*[signature: Jay C. Zainey]*

---

[1]  Plaintiffs also rely upon the report of Seahorse's expert in support of the position that the rigger has the responsibility of centering the boom.  Plaintiffs quotes the expert in stating: "As far as the Crane Operator's actions, the riggers are responsible for making sure the hook is centered over the load before signaling and the Crane Operator is to follow the signals given to him. . . ." (Pla. Opp., Exh. 8, Barnidge Report, p.6).  Like the deposition of the crane operator, this report suggests that the crane operator conducting a lift is supposed to rely on the signals given to him.  As mentioned above, however, Plaintiffs have not provided evidence to establish that the mystery man was the signal man.